-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALEX NANCE,

        Petitioner,

        -v-

JAMES CONWAY,

        Respondent.

**DECISION and ORDER**
06-CV-0615S

---

    Petitioner, Alex Nance, acting *pro se* in this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, has submitted a letter to the Court requesting that his Petition be held in abeyance while he exhausts a jurisdictional claim. (Docket No. 5). He claims that he was allegedly indicted in 2000, but his indictment number is 98-2415-001. He also raises an objection to the Erie County District Attorney appearing on behalf of the Respondent because he claims that New York Executive Law 63(1) provides that only the New York State Attorney General may appear on behalf of the State in this matter. For the following reasons, Petitioner's request to hold the Petition in abeyance is denied without prejudice, and to the extent Petitioner is requesting that the Erie County District Attorney be disqualified from appearing for the Respondent, that request is also denied.

    In *Rhines v. Weber*, the United States Supreme Court limited the approval of stay requests to only those situations where there was a showing of "good cause" for the petitioner's failure to exhaust the claim in state court and that the unexhausted claim was not "plainly meritless." 544 U.S. 269, 277, 125 S.Ct. 1528, 1534, 161 L.Ed.2d 440, 450 (2005); *see also Faden v. Annetts*, 05 Civ. 1850 (BSJ) (DF), 2005 U.S. Dist. LEXIS 14910,

at *2 (S.D.N.Y. July 26, 2005) (denying request for stay without prejudice to renew upon a showing of (1) good cause for petitioner's failure to exhaust the new claims, (2) that the claims either relate back to the originally pled claims, or petitioner was not able to raise the new claims in the original petition, and (3) that the new claims are "potentially meritorious" on federal habeas corpus review).

In the instant matter, the Petitioner has failed to address or establish the *Rhines* criteria for the granting of a stay as to the new claim he seeks to exhaust and then add to the Petition. Petitioner simply states that he wants the Petition held in abeyance so that he can exhaust a jurisdictional claim related to the date of the indictment. Petitioner offers no justification for why he did not previously exhaust this claim in state court before filing his Petition, or how this claim is potentially meritorious. Without a showing of both "good cause"[1] and that the new claim is not "plainly meritless," Petitioner's request for a stay of the instant Petition is **DENIED** without prejudice to re-filing with an adequate showing under *Rhines*.

As to Petitioner's objection to the Erie County District Attorney appearing for the Respondent, the Court finds that it has no merit. According to a copy of a letter from the New York State Attorney General's Office, Buffalo Region, to the Erie County District Attorney, which was forwarded to the Court and placed in the file but not docketed, the Attorney General's Office tendered the defense of the Respondent in this matter to the Erie

---

[1] "[T]he majority of th[e] lower courts which have addressed the issue at length analogized the 'good cause' requirement to the requirement that a habeas corpus petitioner demonstrate 'cause' to excuse other types of procedural defaults." *Ramdeo v. Phillips*, No. 04-CV-1157 (SLT), 2006 WL 297462, *5 (E.D.N.Y., Feb. 8, 2006) (citations omitted). "Even in cases which expressly reject the notion that 'good cause' is analogous to 'cause' for a procedural default (citation omitted), the 'good cause' has arisen from external factors, not petitioner's own decisions." *Ramdeo*, 2006 WL 297462, at * 6.

County District Attorney pursuant to an agreement between the two offices.  Consequently, to the extent the Petitioner may be moving to disqualify the Erie County District Attorney in this matter, the motion is **DENIED**.

    SO ORDERED.

Dated:    August 14, 2007
             Buffalo, New York

                                            <u>/s/William M. Skretny</u>
                                             WILLIAM M. SKRETNY
                                             United States District Judge